**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

NATALIE LACKEY,                                              Case No. 1:18-cv-00895

                            Plaintiff,                       Black, J.
                                                             Bowman, M.J.
            v.


PRISTINE OF RIVERVIEW, et al.,

                            Defendants.


**REPORT AND RECOMMENDATION**

On December 20, 2018, Plaintiff, proceeding pro se, filed this employment discrimination action.  The Court granted *in forma* pauperis status on January 16, 2019 and ordered service of the Complaint via the United States Marshals Service (doc. 2). Service of the Complaint was ultimately returned unexecuted as to all Defendants (docs. 5, 6, 8, 9), largely in part to the Defendants being either improperly or incompletely identified by Plaintiff in the Complaint.

On May 13, 2019, the Court ordered Plaintiff to provide a valid service address to the Court for each named Defendant within 45 days of the date of the Order (doc. 10). With the addresses, Plaintiff was further ordered to provide a completed summons and USM 285 service form for each named Defendant. Additionally, Plaintiff was granted leave to file an amended Complaint to correct any deficiencies associated with the naming of the Defendants in the original Complaint within this 45-day period.  Plaintiff was advised that failure to comply with the Order may result in the issuance of a Report and Recommendation to the assigned district judge recommending dismissal of

Plaintiff's Complaint for failure to prosecute.

To date, Plaintiff has failed to comply with the Court's Order. "District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash* R.R., 370 U.S. 626, 630–631 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). Accordingly, this case should be dismissed for plaintiff's failure to comply with the Court's Order (Doc. 10).

Accordingly, it is **RECOMMENDED THAT:**

Plaintiff's Complaint be **DISMISSED** for want of prosecution and failure to comply with an Order of the Court.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

NATALIE LACKEY,                                          Case No. 1:18-cv-00895

          Plaintiff,                                  Black, J.
                                                        Bowman, M.J.

    v.

PRISTINE OF RIVERVIEW, et al.,

          Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).